**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-4312**

─────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHRISTOPHER J. RUFFIN,

    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00335-HEH-1)

─────────

Submitted:  November 9, 2010   Decided:  November 23, 2010

─────────

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Elizabeth S. Wilson, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher J. Ruffin appeals from his conviction and 240-month sentence following his guilty plea to one count of manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (2006); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Ruffin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Ruffin's guilty plea. Ruffin was advised of his right to file a pro se supplemental brief but did not do so. The Government filed a responding brief arguing that Ruffin waived his right to appeal his conviction. Finding Ruffin validly waived the right to appeal his conviction and sentence, we dismiss his appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). The question of whether a

defendant validly waived his appeal rights is a question of law that this court reviews de novo.  Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Ruffin knowingly and voluntarily waived the right to appeal his conviction and sentence.  Ruffin's challenge to the district court's acceptance of his guilty plea falls within the scope of the waiver.  We therefore dismiss Ruffin's appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the plea agreement's waiver of appellate rights.  We therefore dismiss Ruffin's appeal.  This court requires that counsel inform Ruffin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ruffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ruffin.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED